## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: _____ |
| | ) |
| CAIN'S MECHANICAL LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY RELIEF

## PARTIES

1.  The Plaintiff, Atlantic Casualty Insurance Company, is a North Carolina Corporation with a principal place of business in Goldsboro, North Carolina.

2.  The Defendant, Cain's Mechanical LLC, is a Massachusetts Limited Liability Company with a principal place of business in Feeding Hills, Massachusetts.

## JURISDICTION AND VENUE

3.  In this civil action Atlantic Casualty Insurance Company ("Atlantic") seeks a declaratory judgment construing the provisions of a Commercial Lines Policy No. L270001282-0 ("the Policy") to its named insured, Cain's Mechanical LLC ("Cain's"). A true copy of the Policy (with premiums redacted) that Atlantic issued to Cain's is attached hereto and marked "A." Atlantic incorporates all of the terms and provisions of the Policy as if fully set forth herein.

4.  Specifically, Atlantic seeks a judgment declaring that it is not obligated to defend or indemnify Cain's under the Policy with respect to the Amended Complaint in a lawsuit styled *Lisa A. Trudeau vs. Roboham A. Rivera, Truss Engineering Corporation and Cains [sic] Mechanical, LLC*, in the Hartford (CT) Superior Court, No. HHD-CV19-6117966-S ("the Underlying Lawsuit").

5.  This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1332 (a)(1), because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.[1]

---

[1] Upon information and belief, none of the members of Cain's Mechanical LLC reside in North Carolina.

6.      This Court is authorized to grant a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§2201(a), implemented through Rule 57 of the Federal Rules of Civil Procedure.

7.      Venue is proper under 28 U.S.C. §1391 (b).  The acts alleged in the Underlying Lawsuit against Cain's were done within this judicial district.

## THE UNDERLYING LAWSUIT

8.      In the Underlying Lawsuit the Plaintiff, Lisa A. Trudeau, alleges that on or about January 8, 2019, while traveling in her motor vehicle, a tire came off a tractor-trailer truck coming from the opposite direction and struck her vehicle, causing Ms. Trudeau to sustain injury.  See Amended Complaint, Page 2, Count One, ¶¶ 5-7.[2]

9.      In the Underlying Lawsuit, Ms. Trudeau alleges that on or about January 7, 2019 the tractor-trailer truck referenced in the preceding paragraph, "including its tires, was serviced and repaired by…Cains [sic]." Id., Page 6, Count Three, ¶ 6.

10.     Ms. Trudeau also alleges that Cain's negligently failed to secure the tires to the tractor-trailer truck; failed to inspect the vehicle; failed to warn the co-defendants that the tires were not in a safe operating condition and had not been properly inspected; and negligently performed repairs on the vehicle.  Id., Page 7, Count Three, ¶ 10.

## THE POLICY

11.     Atlantic issued the Policy to Cain's as Named Insured for the period from 05/30/2018 to 05/30/2019.

12.     The Policy includes Commercial General Liability Coverage Form CG 00 01 10 01 ("the CGL Form"), which provides coverage according to its terms.  Pursuant to the CGL Form, Atlantic will pay those sums that Cain's becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  Atlantic will have the right and duty to defend Cain's against any "suit" seeking those damages.  However, Atlantic will have no duty to defend Cain's against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.[3]

13.     The Policy contains a Classification Limitation Endorsement (AGL-015-05-14) which provides, in relevant part:

> This insurance does not apply to and no duty to defend is provided for "bodily injury," "property damage," "personal and advertising injury" or medical

---

[2] A complete copy of the Amended Complaint in the Underlying Lawsuit is attached hereto and marked "B." Atlantic incorporates the Amended Complaint as if fully set forth herein.

[3] See the CGL Form, Page 1 of 14, Section I – Coverages, Coverage A Bodily Injury and Property Damage Liability, ¶1. Insuring agreement, sub¶ a.

payments unless the insured can demonstrate the "bodily injury," "property damage," "personal and advertising injury" or medical payments arise out of the classification(s) shown on the Commercial General Liability Coverage Declarations, its endorsements or supplements. The parties agree the definition(s) used for the classification(s) in the policy are those defined and maintained by the Insurance Services Office (ISO).

14.     The ISO classifications shown on the policy declarations are:

      1.)     Contrcts' Equip-Earth Move Equip other than Cranes, Derriks, & Power Shivs, Rent w/o Operat Code No. 11206
      2.)     Excavation Code No. 94007
      3.)     Lawn Care Code No. 97050
      4.)     Machinery or Equipment - Industrial Installation, Servicing or Repair Code No. 97222
      5.)     Tree Pruning, Dusting Spraying, Repairing, Trimming or Fumigating Code No. 99777

15.     The Classification Limitation Endorsement provides that "[t]he parties agree the definition(s) used for the classification(s) in the policy are those defined and maintained by the Insurance Services Office (ISO)."

16.     Cain's contends that the injuries alleged in the Underlying Lawsuit arise out of ISO classification "Machinery or Equipment - Industrial Installation, Servicing or Repair - Code No. 97222."

17.     A true copy of ISO classification "Machinery or Equipment - Industrial Installation, Servicing or Repair - Code No. 97222" is attached hereto as Exhibit C.

18.     Atlantic incorporates all of the terms and provisions of Exhibit C as if fully set forth herein.

19.     The injuries alleged in the Underlying Lawsuit do not arise out of ISO classification "Machinery or Equipment - Industrial Installation, Servicing or Repair - Code No. 97222."

20.     The injuries alleged in the Underlying Lawsuit do not arise out of any of the other four ISO classifications set forth on the policy declarations.

21.     None of the ISO definitions referenced in the Policy, including but not limited to ISO classification "Machinery or Equipment - Industrial Installation, Servicing or Repair - Code No. 97222," pertain to service and repair of tires on a tractor-trailer, or to any other conduct on the part of Cain's that is alleged to have caused Ms. Trudeau's injuries.

22. Based upon the allegations of Ms. Trudeau's Amended Complaint, the bodily injury for which Ms. Trudeau seeks recovery against Cain's in the Underlying Lawsuit does not arise out of any of the ISO classification categories shown on the policy declarations.

23. Cain's did not ask Atlantic for a copy of the ISO definitions referenced in Paragraph 13, above, prior to January 7, 2019.

24. Cain's did not ask anyone for a copy of the ISO definitions referenced in Paragraph 13, above, prior to January 7, 2019.

25. Cain's did not read the Policy prior to January 7, 2019.

26. Cain's did not read the Classification Limitation Endorsement (AGL-015-05-14) referenced in Paragraph 13, above, prior to January 7, 2019.

27. Cain's did not read any of the ISO definitions referenced in Paragraph 13, above, prior to January 7, 2019.

## COUNT I
## DECLARATORY JUDGMENT-NO DUTY TO DEFEND OR INDEMNIFY

28. Cain's has threatened to sue Atlantic if it does not agree to defend and indemnify Cain's with respect to the Underlying Lawsuit, including claims for multiple damages and attorneys' fees.

29. As referenced in Paragraph 13, above, the policy contains a Classification Limitation Endorsement which is fully enforceable and restricts coverage under the policy according to its terms.

30. In light of the Classification Limitation Endorsement, the allegations in Ms. Trudeau's Amended Complaint in the Underlying Lawsuit do not give rise to the possibility of a covered claim under the Policy.

31. Accordingly, Atlantic is not legally obligated to defend Cain's in the Underlying Lawsuit.

## RELIEF SOUGHT

WHEREFORE, Plaintiff requests that this Court enter judgment awarding the following relief:

   a. A declaration that Atlantic Casualty Insurance Company is not obligated under the Policy to defend Cain's Mechanical LLC with respect to the claims set forth in the Underlying Lawsuit;

   b. A declaration that Atlantic Casualty Insurance Company is not obligated under the Policy to indemnify Cain's Mechanical LLC with respect to the claims set forth in the Underlying Lawsuit; and

    c.   For such other or further relief as this Court deems equitable and just.

Dated: February 23, 2021

Plaintiff,
ATLANTIC   CASUALTY   INSURANCE
COMPANY
By Its Attorneys,

/s/ David W. Zizik
David W. Zizik (MA #540780)
SULLOWAY & HOLLIS, PLLC
40 Westminster Street, Suite 201
Providence, RI 02903
Telephone: (401) 265-5151
E-mail: dzizik@sulloway.com